**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael James Martinez,<br><br>              Petitioner,<br><br>v.<br><br>KJ Monarez,<br><br>              Respondent.[1] | No. CV 23-02564 PHX GMS (CDB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW:**

Petitioner Michael Martinez seeks relief pursuant to 28 U.S.C. § 2241, asking the Court to order the the Federal Bureau of Prisons ("BOP") to recalculate the expiration of his sentence. Respondent filed an answer to the petition (ECF No. 11), and the time allowed Martinez to file a reply has expired.

When he filed his § 2241 petition Martinez was incarcerated at the Federal Correctional Institution ("FCI") in Phoenix, Arizona. Per the BOP inmate information

---

[1] Respondent asserts:
In habeas challenges under 28 U.S.C. § 2241, the only proper respondent is the warden of the facility having physical custody of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Accordingly, J. Herrera, Residential Reentry Center Manager in Long Beach, California, should be substituted as Respondent in this case. Mr. Herrera oversees the halfway house in which Petitioner is currently housed. The Court may still consider the Petition because, when Petitioner filed the Petition, he was incarcerated at the Federal Correctional Institution in Phoenix, Arizona, but was subsequently transferred outside of the District of Arizona. *See Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) …
(ECF No. 11 at 1 n.1).

database, Martinez is now at a Long Beach, California, Residential Reentry Management ("RRM") facility overseen by the BOP, with a release date of February 17, 2025.[2] A RRM is a program which provides federal offenders with community-based services that will assist with their reentry needs.

## I.     Background

On September 17, 2018, pursuant to a plea agreement, Martinez was sentenced to a term of 92 months imprisonment, followed by five years of supervised release, pursuant to his conviction for conspiracy to distribute heroin. (ECF No. 11-1 at 10). *See also United States v. Martinez*, 3:17-CR-02204(4) (S.D. Cal.), at ECF Nos. 159 & 184. Martinez's full term expiration date is February 24, 2026. (ECF No. 11-1 at 11). Martinez's eligibility for FSA earned time credits was reviewed on October 22, 2020, and he was deemed eligible to earn FSA time credits. (ECF No. 11-1 at 24).

During his most recent Program Review on October 22, 2023, Martinez was determined to be a medium risk for recidivism. (ECF No. 11-1 at 25). Martinez's release date is February 17, 2025, which includes an adjustment for good conduct time credits. (ECF No. 11-2 at 10).

## II.    Analysis

Relief under 28 U.S.C. § 2241 is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Martinez asks the Court to apply credits to his sentence, "which are 365 days toward [his] release and 45 days of [custody in a residential reentry center/home confinement]," "earned under the First Step Act of 2018." (ECF No. 1 at 2, 4).

Respondent asserts:

> Petitioner's eligibility for FSA earned time credits was reviewed on December 29, 2020, and he was deemed eligible to earn FSA time credits. [ECF No. 11-1] at ¶ 17. During his most recent Program Review on

---

[2] As of August 2, 2024, the BOP inmate locator gives the address for Petitioner's current custodian as 1299 Seaside Avenue, San Pedro, California. Respondent mailed the response to the petition to Petitioner at "Correctional Alternatives Inc.," in San Diego, California. (ECF No. 11 at 15).

October 22, 2023, he was determined to be a medium risk for recidivism. *Id.* Because of Petitioner's medium risk for recidivism, he is not eligible to have any earned time credits applied toward prerelease custody or his supervised release term.

(ECF No. 11 at 2).

Resolution of Martinez's claim for relief involves application of the the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (1980) ("FSA"). The FSA addresses the reentry of incarcerated individuals into society. As part of the FSA, Congress directed the BOP to implement reentry initiatives, including programming and programming incentives, good-time credit, and compassionate release opportunities. Congress further directed the United States Attorney General to develop a risk and needs assessment system, to appropriately direct programming and programming incentives by "determin[ing] the recidivism risk of each prisoner" and classifying "each prisoner as having minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a). An eligible prisoner can *earn* 10 days (plus an additional five days if he meets the criteria for minimum or low risk of recidivism) of FSA time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.42(c).

Time credits earned under 18 U.S.C. § 3632(d)(4) "shall be applied toward time in prerelease custody or supervised release …" 18 U.S.C. § 3632(d)(4)(C). Pursuant to 18 U.S.C. § 3624(g), an prisoner is eligible for the *application* of FTCs to prerelease custody or supervised release only if they meet the following four criteria:

(A) the prisoner must have earned FTCs;
(B) the prisoner must have demonstrated "recidivism risk reduction or has maintained a *minimum* or *low* recidivism risk during their term of imprisonment";
(C) the prisoner "has had the remainder of their imposed term of imprisonment computed under applicable law"; and
(D) the prisoner has either (I) "*been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner*," or (II) has had a petition to be transferred to prerelease custody

or supervised release approved by the warden after the warden has determined the prisoner meets certain criteria.

18 U.S.C. § 3624(g)(A)-(D) (emphasis added).

Although a prisoner who is a medium risk for recidivism is eligible to *earn* FSA time credits for successful participation in recidivism programming, pursuant to 18 U.S.C. § 3632(d), they must be a "minimum or low risk" to have those credits *applied* to their sentence. Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. *Id.* § 3624(g)(1)(D)(i). For early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." *Id.* § 3624(g)(1)(D)(ii).

> Time credits may be applied toward early transfer to supervised release "only when an eligible inmate has ... maintained a minimum or low recidivism risk through his or her last risk and needs assessment." 28 C.F.R. § 53.44(d)(1); *see also* … BOP Program Statement 5410.01 (setting forth requirements for application of FSA time credits). The Program Statement further states that inmates who have a high or medium recidivism risk level are ordinarily "considered inappropriate for early transfer to prerelease custody or supervised release." []

*Martinez v. Gutierrez*, 2023 WL 6466490, *3 (D. Ariz. July 14, 2023), *report and recommendation adopted*, 2023 WL 6464850 (D. Ariz. Oct. 4, 2023).

The unambiguous language of 18 U.S.C. § 3624(g) precludes application of time credits until an inmate has lowered his recidivism risk level to a low or minimum classification. *See LaPuente v. Derr*, 2023 WL 3821136, at *5 (D. Haw. June 5, 2023). Application of earned time credits, i.e., creating and implementing an earlier release date based on earned credits, cannot occur until the inmate has been determined to be a minimum or low recidivism risk. *See*, *e.g.*, *Moody v. Gubbiotti*, 2022 WL 4976308, *6 (D.N.J. Oct. 3, 2022); *Bell v. Finley*, 2022 WL 1721045, *4 (M.D. Pa. May 27, 2022). Accordingly, at the time his petition was filed 18 U.S.C. § 3624(g) precluded application

- 4 -

of Martinez's earned time credits until, or unless, he lowered his recidivism risk level as required by the FSA.

Additionally, Martinez is not entitled to relief because the challenged decision is committed to the discretion of the BOP. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

> Whether to permit an inmate to complete the end-phase of their sentence outside of formal prison custody is a matter of discretion left to the BOP. *See Smallwood v. Thompson*, 2021 WL 5112663 (E.D. Cal. Nov. 3, 2021) (finding "whether or not to grant Petitioner early release" pursuant to the FSA is "a matter within the BOP's discretion."). And although application of an inmates FSA FTCs may effectively move up the date that inmate is eligible to be considered for prerelease custody, application of those FTCs do not compel the BOP to allow that inmate to participate in prerelease custody. *Id.* "District courts interpreting this provision have uniformly held that designation and placement decisions made by the BOP, including whether an inmate is granted home confinement, are not reviewable by the district court." *Arreola v. von Blanckensee*, No. CV-20-00351-TUC-DCB (JR), 2022 WL 18865120, at *4 (D. Ariz. Oct. 3, 2022), *report and recommendation adopted*, No. CV-20-00351-TUC-DCB, 2023 WL 2242853 (D. Ariz. Feb. 27, 2023). *See also Wilcox v. Merlak*, No. 1:19-cv-01410-NONE-SKO (HC), 2020 WL 996630, at *3 (E.D. Cal. Mar. 2, 2020) ("Thus, Petitioner's challenge to the BOP's discretionary decision with respect to whether and when he is eligible for home confinement placement ... is not reviewable by this Court."); *United States v. Robledo*, No. 18-CR-2190-AJB, 2020 WL 2542641, at *7 (S.D. Cal. May 19, 2020) ("the decision to grant or deny home confinement is within the discretion of BOP and not subject to judicial review.").

*Mars v. Heisner*, 2023 WL 4977335, *6 (D. Ariz. June 26, 2023), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023).

Furthermore, Martinez does not have a federal constitutional right, i.e., a cognizable liberty interest, in early release via the FSA. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Due process protections do not extend to "prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials

full discretion to control these conditions of confinement." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). *See also Reeb*, 636 F.3d at 1227; *McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999); *Vargas Diaz v. Heisner*, 2024 WL 866368, *3 (D. Ariz. Feb. 6, 2024); *Walton v. Booker*, 2006 WL 2374843, *3 (D. Ariz. Aug. 16, 2006).

To the extent Martinez seeks release to a Residential Reentry Center, Martinez is now at a Residential Reentry Management Center and, therefore, this claim for relief is moot.

Accordingly,

**IT IS RECOMMENDED that** Martinez's § 2241 petition at ECF No. 1 be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 12th day of August, 2024.

Camille D. Bibles
United States Magistrate Judge